UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS SANTARLAS,

     Plaintiff,

v.                                                        CASE NO. 8:15-cv-374-T-23TBM

TERRY ATCHLEY, et al.,

     Defendants.

_____/

## ORDER

Thomas Santarlas sues (Doc. 1) several defendants, whom the complaint
identifies inconsistently.  The style of the complaint names "Terry Atchley, in his
Official Capacity as Manager of the City of Wauchula[;] Matthew Whatley, an
individual[;] and Tammy Nicholson, an individual."[1]  (Doc. 1 at 1)  "The Parties"
section of the complaint names the City of Wauchula, Whatley, and Nicholson.
(Doc. 1 at 3)  Finally, "Count V"[2] purports to allege a claim against "Defendant City
of Wauchula and WPD," which could mean either Wauchula and the WPD as one
entity or Wauchula and the WPD as separate entities.  (Doc. 1 at 9)  If a complaint
inconsistently identifies the defendants, the "Parties" section of the complaint
governs.  Thus, in this action, Santarlas sues only the City of Wauchula, Whatley,
and Nicholson.  Accordingly, the clerk is directed to terminate Atchley and add the

---

[1] "Whatley is a Lieutenant in the [Wauchula Police Department (WPD)] . . . ." (Doc. 1 at 3)
"Nicholson is and at all material times was an employee of [Wauchula]." (Doc. 1 at 3)

[2] "Count V" is the second of two counts in the complaint.

City of Wauchula.  Atchley's motion (Doc. 11) to dismiss is **GRANTED** in accord with this order.

Like Atchley, Nicholson and Whatley each moves (Docs. 10, 17) to dismiss. Nicholson and Whatley are defendants only to Count I, which alleges a claim under "18 U.S.C. § 2721, *et seq.*,"[3] Driver's Privacy Protection Act.  Closer inspection of the complaint reveals that Count I alleges a claim under 18 U.S.C. § 2724(a), which states, "A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court."  *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A.*, 525 F.3d 1107, 1111 (11th Cir. 2008), identifies the elements of a claim under Section 2724(a):

> In a straightforward fashion, section 2724(a) sets forth three elements giving rise to liability, i.e., that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted. The plain meaning of the third factor is that it is only satisfied if shown that obtainment, disclosure, or use was not for a purpose enumerated under § 2721(b).

---

[3] Authorities almost universally condemn the use of "*et seq.*" in a statutory citation. *E.g.,* Bryan A. Garner, *The Redbook: A Manual on Legal Style*, Rule 6.3(d), at 122 (3d ed. 2013) ("[T]he use of *et seq.* is poor form . . . . Cite the complete reference instead: find the ending point, and name it."); *The Bluebook: A Uniform System of Citation*, Rule 3.3(b), at 70 (19th ed. 2010) ("Give inclusive numbers; do not use '*et seq.*'"); Darby Dickerson, *ALWD Citation Manual*, Rule 6.6(d), at 45 (4th ed. 2010) ("[T]he use of 'et seq.' is not encouraged."); *see also Coppola v. Smith*, 935 F. Supp. 2d 993, 1033 n.25 (E.D. Cal. 2013) (Ishii, J.) ("Use of 'et seq.' provides a significant range of statutes that might be at issue. In order to provide fair notice, if Coppola amends the negligence per se claim, then they are to eliminate use of 'et seq.' and cite the particular statute that creates the duty of care.").

*Thomas*, 525 F.3d at 1112–14, further explains that a plaintiff must affirmatively allege that the defendant's purpose is not permitted by Section 2721(b).

The complaint alleges that Nicholson and Whatley knowingly "accessed"[4] Santarlas's personal information through the "Driver and Vehicle Identification Database" (DAVID). (Doc. 1 ¶¶ 4, 23, 24)  Thus, the complaint alleges the first two elements of a claim under Section 2724(a).  Nonetheless, Nicholson and Whatley argue that the complaint "does not allege any facts that support an inference that the[] . . . accesses . . . were for an improper purpose rather than a permissible use by a government agency in carrying out its functions, as allowed under 18 U.S.C. § 2721(b)(1)."  (Doc. 10 at 9–10; *accord* Doc. 17 at 9)

A review of the complaint disproves Nicholson and Whatley.  The complaint states, "At the time Defendants accessed Plaintiff's personal information, they did not have a legitimate law enforcement purpose for doing so."  (Doc. 1 ¶ 25) Persuasive precedent holds in a similar circumstance that this allegation alone satisfies the third element:

> The first amended complaint alleges that the defendants disclosed the information for no permissible purpose and that the information wound up on the internet. If that is true, the plaintiff will be entitled to recover.
>
> To be sure, the first amended complaint perhaps could have provided greater detail. But it is hard to plead a negative with great specificity; that there was no permissible purpose for the disclosure is about as precise as one could be. *Twombly* and *Iqbal* do not require useless details; they call instead for a context-specific inquiry into the adequacy of a pleading. In this context, alleging specifically that there was a

---

[4] The complaint says Nicholson and Whatley "accessed" personal information; Section 2724(a) prohibits "obtain[ing], disclos[ing] or us[ing]" personal information.

> disclosure, and alleging generally that there was no proper purpose for the disclosure, is enough.
>
> The first amended complaint thus sufficiently alleges a violation of the [Driver's Privacy Protection] Act.

*Welch v. Theodorides-Bustle*, 677 F. Supp. 2d 1283, 1287 (N.D. Fla. 2010) (Hinkle, J.).

However, even assuming a general allegation of no permissible purpose is insufficient, the complaint alleges additional facts:

> At the time Plaintiff s personal information was unlawfully accessed, Plaintiff was not the subject of any law enforcement investigation, nor was he in contact with any of the Defendants in a manner which would give rise to a legitimate reason for their access of Plaintiff s personal information in the DAVID system.

(Doc. 1 ¶ 21)  The allegation anticipates Nicholson's and Whatley's most plausible defense — that they "accessed" Santarlas's personal information in compliance with Section 2721(b)(1), which allows disclosure of information "[f]or use by any government agency, including any court or law enforcement agency, in carrying out its functions . . . ."[5]  Further, the complaint alleges an impermissible purpose — satisfying curiosity or interest.  The complaint states, "In 2012, Plaintiff Santarlas

---

[5] *Thomas*, 525 F.3d at 1113–14, endorses Santarlas's technique of refuting only one purpose permitted by Section 2721(b):

> Many of the § 2721(b) enumerations are tied to a particular occupation or organization and its corresponding lawful need for the information. . . .
>
> Thus, for example, if a plaintiff names a law firm . . . or an insurance agency as the defendant, there is a high probability that subsection (b)(4) is at issue in the former and (b)(6) in the latter. Similarly, if a plaintiff is a recipient of a mass marketing letter, it is no secret that (b)(12) is at issue . . . . Upon close examination of § 2721(b), we conclude that plaintiffs will not typically be left in the dark as to which § 2721(b) enumeration, if any, will be asserted as applicable by the defendant.

(citations omitted).

was a sworn law enforcement officer and was a candidate for Sheriff of Hardee County, Florida.  Accordingly, Plaintiff was a public figure subject to the curiosity and interest of the public and his political opponents."  (Doc. 1 ¶ 22)

In sum, Count I states a claim under Section 2724(a) against Nicholson and Whatley.  The complaint's allegations that Nicholson and Whatley knowingly "accessed" Santarlas's personal information through DAVID easily satisfies the first two *Thomas* elements.  And the complaint satisfies the third *Thomas* element by (1) alleging that no Section 2721(b) permissible purpose existed, (2) alleging facts contrary to the most plausible permissible purpose, and (3) alleging that curiosity or interest motivated the "access."  Accordingly, Nicholson's and Whatley's motions (Docs. 10, 17) to dismiss are **DENIED**.

ORDERED in Tampa, Florida, on May 21, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE